JOHN H. MURRAY, &c. *v.* JAMES M. DEBREY, &c.

**Pleadings—Judgment for Amount Claimed Only—Variance Between Amount Claimed, and Proof.**

Where there is a variance between the amount claimed in a petition to have been paid, and the actual amount proved to have been paid, the amount in the petition being less than the amount proved, the petition alone will govern.

APPEAL FROM ALLEN CIRCUIT COURT.

April 25, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in the name of James M. Debery, and of the Commonwealth for his use against James H. Murray and his sureties on his official bond as sheriff of Allen county executed the 12th of January 1863.

After alleging that said Murray had been duly elected sheriff of said county, that he had executed a covenant with E. C. Moore and others as his sureties as required by law and that he had entered upon the duties of the office, appellees allege that said Murray had not by himself and deputies well, and truly discharged all the obligations required of him by law as sheriff of Allen county, and then the breaches are assigned as follows: that on the ........ day of .............., 1863, there came to the hands of said John H. Murray as sheriff as aforesaid quite a number of executions for considerable sums against appellee Debery, which are set forth in the petition, but need not be recited in this opinion, the whole of them as alleged amounted to the sum of $6337.12.

And it is then alleged, that at various times and places while said Murray was acting as sheriff as aforesaid, appellee Debery paid to him and his deputies divers sums of money as payments on said debts, and took receipts for the sums so paid, which he files as parts of his petition, except that for the sum of $516.79. He avers he has no receipt; that the gross sum paid on said debts by said Debery amounted to $7,211.05, making the sum of eight hundred and seventy-three dollars and ninety-three cents, more than he was bound to pay, and than said sheriff had any legal

authority to collect, or was necessary to satisfy, and pay said debts.

That having full confidence in the honesty and integrity of said Murray, Debery says he paid but little attention to how much he paid, and whenever Murray would call on him for money he would pay to the extent of his ability. Murray still representing to him that there was a balance due on said writs or *fifa* in his hands; that after he went out of office appellee avers he was forced by execution to pay H. R. and T. H. Hagerman, one hundred and forty-six dollars and eighty-two cents, and to pay the bank of Kentucky six hundred and ninety-four dollars and seventy-eight cents, because appellant Murray failed to enter credits on executions in favor of said parties in his hands while he was sheriff as aforesaid, the money having been paid to him by said Debery as is alleged; that the amount he was subsequently compelled to pay was $841.60. When he had paid to Murray when executions in favor of said parties for said debts were in his hands as sheriff $873.93 more than sufficient to have satisfied the balance on said executions, and concludes with an averment that appellants are indebted to him in the sum of $1715.13, which is arrived at by adding the $873.93, which is alleged to have been paid to Murray, to the $841.60, which it is alleged he has been coerced to pay since on the executions of Hagermans, and the Bank of Kentucky and prays judgment for $1,715.13.

The alleged indebtedness is controverted by the answers, and upon a reference of the case to the master, who reports that from receipts filed and the admission of Murray of the payment of $125 of date the 16th of March, 1865, it appears that Debery had paid to Murray and his deputies the sum of $6,844.26 and that they had credited divers executions in their hands against Debery in the aggregate with $7,368.14, and in that state of the accounts Debery would be indebted to Murray in the sum of $523.88. But that in addition to the $6,844.26 Debery claims that he paid off the amount of an execution in favor of George D. Read. And one in favor of the Southern Bank of Kentucky, the two making $1,198.19, and if that be true (as to which however the master expresses no opinion) then Murray would owe Debery $647.31. He adds however that upon examination he finds the credits given by Murray up to and including the Southern

Bank debt exceeded all the payments claimed to have been made by Debery $208.44.

Upon this report and the evidence the court below rendered judgment in favor of Debery against Murray and two of his sureties Moore and Calvert for $447.19 with interest from the 18th of June 1869 till paid, and against Murray alone for $227.12, this last sum being the amount of the Read debt paid to Murray before January 1863 when the said sureties executed the covenant sued on. And the defendants prosecute this appeal.

The evidence leaves the true state of the accounts between the parties in doubt, and perplexity.

The list of payments claimed by Debery, and admitted by Murray as proved by Travelstead, amounts in the aggregate to $7,211.65, and that includes $216.65, the Read debt, and is erroneous in charging Murray with a payment as of date 13th of April, 1863, of $400, which the witness proves to be erroneous, and that instead of $400, it should be $40 only, making an error against Murray of $360. And in that list no credits are allowed for his commissions, besides a part of those payments were made in depreciated paper and the discount was not entered on that list, so that the credits on that list on a proper adjustment would be reduced to less than seven thousand dollars.

Again whether the money paid by Anthony to Murray on the debt to the Southern Bank was credited to Debery is left in some doubt.

Harris proves in the spring of 1867, and afterwards he had several conversations with Debery in relation to how the accounts stood between himself and Murray, these conversations being induced because he had paid money as the surety of Murray, and was then bound as his surety for other debts of some magnitude, and that in all these conversations Debery told him he thought he owed Murray from four to seven hundred dollars.

But if we look to the petition of appellees we find it distinctly alleged after referring to, and enumerating the specific executions against Debery in the hands of Murray, sheriff as aforesaid, that the aggregate amount of said debts, interest, and costs included was $6337.12, and that at various times and places Debery paid to Murray and his deputies divers sums of money for all of which payments he took receipts except for the sum of $516.79 and the whole of the payments as claimed amounted to $7,211.05, while the commissioner's report shows that Murray actually paid

out for Debery $7,368.16 showing an overpayment by Murray of $157.09.

Debery cannot be entitled to credit for more than he claims in his petition to have paid, and as the sum thus claimed is shown not to be as much as Murray had paid out for him, he, on the cross-petition of Moore and Calvert should have been adjudged to pay them that balance of $157.09.

Wherefore the judgment is *reversed* and the cause remanded to render judgment in favor of appellants Moore and Calvert for the sum of $157.09 against Debery and for further proceedings consistent with this opinion.

*Mulligan, for appellant.*
*Gatewood, for appellee.*